<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

RADAME L. LUNA,                  :

     Petitioner,             :

          v.              :

                      Civil Action No. 10-5962 (JAP)

CINDY SWEENEY,                   :

     Respondent.             :     **OPINION**

_____

**APPEARANCES:**

Radame Luna, _Pro Se_
230 Central Avenue, Apt. 6B
Hackensack, NJ 07601

Michael McLaughlin
Somerset County Prosecutor's Office
40 North Bridge Street
P.O. Box 3000
Somerville, NJ 08876
Attorney for Respondents

**PISANO, District Judge**

    Petitioner Radame Luna submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction, and Respondent submitted an answer to the petition (ECF No. 16), with the available state court record. Petitioner also filed a letter in reply to the answer (ECF No. 17). For the following reasons, the petition will be dismissed.

## BACKGROUND

Petitioner, charged in Somerset County with conspiracy to distribute cocaine and possession with intent to distribute cocaine in violation of New Jersey state law, was tried with a co-defendant and found guilty.  On May 31, 1996, Petitioner was sentenced to an extended term of imprisonment of 50 years incarceration with a 16-year and eight month period of parole ineligibility.

On May 21, 1998, the Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed the conviction and sentence, and on March 16, 1999, the New Jersey Supreme Court denied certification.

Petitioner filed a petition for post-conviction relief ("PCR") in 1999, which was denied on July 31, 2000 by the trial court.  The denial was affirmed by the Appellate Division on December 11, 2002, and the New Jersey Supreme Court denied certification on June 5, 2003.

Petitioner filed a petition for habeas corpus in this Court on November 1, 2003, which was denied with prejudice and on the merits on November 22, 2005.  *See Luna v. Hendricks*, Civ. No. 03-cv-5764 (SRC) (ECF No. 14, Opinion).

In 2007, Petitioner filed a second PCR motion which was denied on June 12, 2008, the denial affirmed by the Appellate Division and

certification denied by the New Jersey Supreme Court on March 2, 2010.

In this, his second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Amended Petition, ECF No. 6), Petitioner argues that he received ineffective assistance of counsel in the trial court.  (Am. Pet., ¶ 12).

## DISCUSSION

As noted above, Petitioner filed a *pro se* petition, pursuant to 28 U.S.C. § 2254, challenging his state-imposed sentence. Petitioner had already filed a § 2254 petition raising such a challenge against this conviction.  *See Luna v. Hendricks*, Civ. No. 03-cv-5764 (SRC) (DNJ)("*Luna I*").

In that prior action, Petitioner was advised, pursuant to *Mason v. Meyers,* 208 F.3d 414 (3d Cir. 2000), about the consequences of filing a § 2254 application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and he was given an opportunity to file one all-inclusive § 2254 Application. *See Luna* I, ECF No. 3. Petitioner responded to the *Mason* order that he wished to proceed with his petition as filed, and Respondents filed an answer.  *See Luna* I, ECF Nos. 5, 10. Thereafter, the Honorable Stanley R. Chesler, of this Court, dismissed the petition with prejudice on its merits in an Opinion

and Order dated November 22, 2005.

United States Code Title 28, Section 2244(b)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1]

Courts are in agreement that a prior dismissal of § 2254 petition on the merits renders a later-filed petition "second or successive." *See Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005) ("[F]or a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits"); *Hart v. Warden, FCI Schuylkill*, No 09-0192, 2009 U.S. Dist. LEXIS 124755, at *4-5 (M.D. Pa. April 30, 2009) (relying on *McCleskey v. Zant*, 499 U.S. 467, 483 (1991), in order to provide an exhaustive treatment of the issue).

––––––––––––––––––––

[1]   The term "second or successive" is not defined in the statute, but it is well settled that the phrase does not simply "refe[r] to all § 2254 applications filed second or successively in time." *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (treating a second application as part of a first application where it was premised on a newly ripened claim that had been dismissed from the first application as premature); *Slack v. McDaniel*, 529 U.S. 473 (2000) (declining to apply the bar of § 2244(b) to a second application where the first application was dismissed for lack of exhaustion).

Here, Petitioner's *Luna* I action was adjudicated on the merits. Therefore, his instant petition is second or successive.

If a second or successive petition is filed in the district court without an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.")

Here, Petitioner does not assert that he has received permission to file the petition at bar from the United States Court of Appeals for the Third Circuit. Moreover, this Court finds that it is not in the interest of justice to transfer this action to the Court of Appeals, pursuant to 28 U.S.C. § 1631, since Petitioner's ineffective assistance of counsel claims were addressed in *Luna* I, with Judge Chesler holding that "Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claims because he has

5

not shown that the adjudication of the claim by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, *Strickland* [*v. Washington, 466 U.S. 668 (1984)*] and its progeny."   *See Luna* I, Opinion, ECF No. 14 at p. 11.

Accordingly, the petition at bar will be dismissed as an unauthorized second or successive petition, without prejudice to Petitioner applying to the Court of Appeals for authorization to file a second or successive petition.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional

claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

Here, jurists of reason would not disagree with this Court's procedural ruling. Therefore, the Court will dismiss the petition, and no certificate of appealability will issue.

An appropriate Order follows.


/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.


Dated: July 2, 2013